JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GEORGIA DOVE HOPSON,<br><br>    Debtor,<br><br>GEORGIA DOVE HOPSON,<br><br>    Appellant,<br><br>    v.<br><br>SANDRA K. McBETH, CHAPTER 7 TRUSTEE, and ELIZABETH F. ROJAS, CHAPTER 13 TRUSTEE,<br><br>    Appellees. | No.   CV 18-7529 PA<br><br>OPINION ON APPEAL FROM BANKRUPTCY COURT<br><br>Bankruptcy Case No. 9:17-bk-12277-DS |

Before the Court is an appeal filed by debtor Georgia Dove Hopson ("Hopson"). Hopson challenges an order entered on August 7, 2018, by the Bankruptcy Court sustaining the objections filed by both the Chapter 7 Trustee and the Chapter 13 Trustee to the homestead exemption claimed by Hopson. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

**I.**    **Background**

According to Hopson, she is a 72-year-old widow who sold her home in Orland, California in June 2016. Hopson claims that she agreed with her daughter to use $70,000.00 of the $71,394.38 in proceeds from the sale of Hopson's home in Orland, California to

purchase a home in San Luis Obispo, California, where Hopson would reside with her daughter, son-in-law, and grandchildren. Hopson claims that she was not listed on the title for the San Luis Obispo property because she could not qualify for a home loan and her daughter and son-in-law would have been unable to obtain a loan to purchase and improve the property if she were listed on the title. Hopson states that she has resided on the San Luis Obispo property continuously since October 2016.

Hopson filed her Chapter 7 bankruptcy petition on December 20, 2017. (Appellant's Excerpt of Record ("ER") 1.) At the time she filed her petition, Hopson listed no interest in real property on line 1 of her Schedule A/B. (ER 1:11.) On line 25 of her Schedule A/B, Hopson claimed that she owned a "non-exclusive, unrecorded life estate in and to" the San Luis Obispo property, which she identified as her "daughter's home." (ER 1:13-14.) Hopson declared that she had contributed $70,000 to the down payment on the property "in exchange for the right to reside there for the rest of her life." (ER 1:14.) On her original Schedule C, Hopson claimed an exemption of $70,000 related to the property pursuant to California Civil Procedure section 704.950. (ER 1:17.)

On January 23, 2018, Hopson amended her Schedule C, claiming a $70,000 exemption in the property pursuant to California Civil Procedure section 704.730, and claiming she owned a "non-exclusive, unrecorded life estate" in her daughter's home. (ER 2:50.) Hopson filed a Motion to Convert Case from Chapter 7 to 13 on March 2, 2018, which the Bankruptcy Court granted on March 26, 2018. (ER 3.) On April 9, 2018, Hopson amended her Schedule A/B, listing the San Luis Obispo property on line 1 of Schedule A/B, declaring that she claimed a life estate interest in the property pursuant to an agreement with her daughter that she could reside at the property for the remainder of her life. (ER 5:68.) Hopson also amended her Schedule C, claiming the $70,000 exemption in the property pursuant to California Civil Procedure section 704.730, and stating that she "owns an interest" in her daughter's home. (ER 5:74.)

On June 13, 2018, Hopson filed a Brief in Response to Objections to Confirmation, in which she responded to the objections raised by both the Chapter 13 Trustee and the Chapter

7 Trustee, who, by then, had been discharged when the Bankruptcy Court granted Hopson's Motion to convert the Chapter 7 bankruptcy to a Chapter 13 bankruptcy. (ER 8.) The Chapter 7 Trustee, on June 15, 2018, and the Chapter 13 Trustee, on June 25, 2018, both filed Objections to Exemption challenging Hopson's claim for a homestead exemption. (ER 10 & 11.) Hopson filed Responses to both of those objections on July 6, 2018. (ER 12.) The Chapter 13 Trustee filed a Reply in support of her objection to Hopson's claim for a homestead exemption on July 18, 2018. (ER 18.) None of those briefs filed by Hopson, the Chapter 7 Trustee, or the Chapter 13 Trustee, cited to the Ninth Circuit's opinion in In re Gilman, 887 F.3d 956 (9th Cir. 2018), which had been issued several months earlier on April 13, 2018.

The Bankruptcy Court held a hearing on the objections to Hopson's claim for the homestead exemption on July 26, 2018. During that hearing, the Bankruptcy Court sustained the objections to the homestead exemption and stated:

> There is nothing that the Debtor has really submitted -- and I will say this. I looked at the entire record in this case, not simply the responses to the homestead objections, because there was a little bit more information related to the plan than I thought was helpful, but none of that information added up to me to a showing that there was a life estate or any other interest in the property that could be exempted.
>
> So I'm going to sustain the Chapter 7 Trustee's objection. The Chapter 13 Trustee's objection is a little different because it also makes an argument that I think is not supported by anything that if there is no exemption, that same dollar amount needs to be contributed to the estate, and I didn't see anything supporting that contention. So I don't think I can sustain that objection in full because I don't -- I don't see any legal basis to require a contribution unless there's some other argument that hasn't been

-3-

    made that there's somehow an avoidable transfer or something

    like that, but I don't think that's an issue that's before the Court

    right now.

(ER 27 at 1:18-2:12.)  The Bankruptcy Court issued an Order sustaining the objections to the homestead exemption on August 7, 2018.  (ER 21.)  The Bankruptcy Court did not mention In re Gilman during the July 26, 2018 hearing and it is not cited in the August 7, 2018 Order. Hopson filed a Notice of Appeal challenging that Order on August 20, 2018.  (ER 23.)  The Chapter 7 Trustee elected to have the appeal heard in this Court.  Only the Chapter 7 Trustee filed a Responsive Brief in this appeal in opposition to Hopson's Opening Brief.  The Chapter 13 Trustee has not appeared in this appeal.

## II. **Jurisdiction**

  This Court possesses appellate jurisdiction over the Bankruptcy Court's final order determining an objection to a claim.  28 U.S.C. § 158(a); In re Gilman, 887 F.3d at 961-62.

## III. **Standard of Review**

  The Bankruptcy Court's ruling on a statutory exemption is a question of law subject to de novo review.  In re Gilman, 887 F.3d at 964.  This Court reviews the Bankruptcy Court's factual findings for clear error.  Id.  "A court's factual determination is clearly erroneous if it is illogical, implausible, or without support in the record."  In re Retz, 606 F.3d 1189, 1196 (9th Cir. 2010).

## IV. **Discussion**

  In In re Gilman, the Ninth Circuit evaluated a debtor's entitlement to a homestead exemption under California's statutory framework.  Under that framework, entitlement to a homestead exemption "'requires only that the judgment debtor reside in the property as his or her principal dwelling at the time the judgment creditor's lien attaches and continuously thereafter until the court determines the dwelling is a homestead.'  It does not require that the debtor continuously own the property."  In re Gilman, 887 F.3d at 965 (quoting and citing In re Elliott, 523 B.R. 188, 196 (B.A.P. 9th Cir. 2014)).  As the Ninth Circuit explained, California's courts have "held that 'judgment debtors who continuously reside in

-4-

their dwellings retain a sufficient equitable interest in the property to claim a homestead exemption even when they have conveyed title to another.'" Id. (quoting Tarlesson v. Broadway Foreclosure Invs., LLC, 184 Cal. App. 4th 931, 937, 109 Cal. Rptr. 3d 319, 323 (2010)); see also In re Fuentes, 687 Fed. App'x 542, 544 (9th Cir. 2017) ("If the residency requirements are satisfied, a judgment debtor can claim a homestead exemption in the interest he or she has in the property, 'regardless of whether the judgment debtor's interest is a fee, leasehold, or lesser interest.'" (quoting Cal. Civ. Proc. Code § 704.820 Law Revision Commission Comments to 1982 Addition)).

Because the parties did not cite to In re Gilman, and the Bankruptcy Court made no findings regarding whether Hopson resided at the San Luis Obispo property and intended to remain there during the relevant period, it is not clear if the Bankruptcy Court's Order sustaining the objections to Hopson's homestead exemption is consistent with In re Gilman. Nor is it clear that, even if Hopson cannot establish all of the legal requirements for a life estate, that she lacks the type of equitable or possessory interest, coupled with residency, to qualify for a homestead exemption. This Court therefore vacates the Bankruptcy Court's Order and remands the matter to the Bankruptcy Court "to apply the correct law to the facts, and conduct such additional factfinding as may be necessary." In re Gilman, 887 F.3d at 966. "On remand, the parties are free to argue anew, and the [B]ankruptcy [C]ourt may consider, any additional issues related to the homestead exemption . . . ." Id.

**Conclusion**

For all of the foregoing reasons, the Court vacates the Bankruptcy Court's August 7, 2018 Order Sustaining Objections to Homestead Exemption and remands the matter to the Bankruptcy Court for further consideration in light of In re Gilman, 887 F.3d 956 (9th Cir. 2018).

IT IS SO ORDERED.

DATED: February 28, 2019

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE